# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br><br>v.<br><br>JORDAN RAESHAUN CAMBRIDGE,<br><br>                           Defendant. | Case No. 2:17-cr-00227-KJD-NJK<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |

Before the Court is Defendant's Motion for Compassionate Release (#60). The United States responded in opposition (#62) and Defendant did not reply. The Federal Public Defenders did not supplement Defendant's *pro se* motion.

I.      Factual and Procedural Background

Defendant Jordan Cambridge ("Cambridge") is serving a 97-month prison sentence. (#62, at 2). In 2017, Cambridge twice sold MDMA pills to an undercover Drug Enforcement Agency ("DEA") officer. Id. When Cambridge showed up for the third transaction, agents arrested him. Id. A search of Cambridge's home revealed nearly 5,000 MDMA pills, over 200 grams of methamphetamine, and two firearms, one of which had the serial number removed. Id. Cambridge pleaded guilty to conspiracy to distribute MDMA and methamphetamine. Id. The Court then sentenced Cambridge to 97 months in prison. Id.

In June 2020, Cambridge sent a letter to the Court, requesting compassionate release. Id. Cambridge asked the Court to release him due to his fear that if he contracted COVID-19 while incarcerated, he would die. (#60, at 1). Cambridge was diagnosed with asthma when he was seven years old. Id. Prior to his arrest, he would take daily medication to manage his asthma and utilize an emergency inhaler when needed. Id. While incarcerated, Cambridge states that he only has access to the emergency inhaler. Id. Cambridge also claims that his depression and anxiety

leave him at higher risk of COVID-19. Id. Since his conviction, Cambridge has completed his General Educational Development ("G.E.D.") and is working to become a licensed H.V.A.C.R. (Heating, Ventilation, Air Conditioning, and Refrigeration) technician. Id. at 2–3. Cambridge takes responsibility for his immature actions and seeks release to better provide for his fiancée and children. Id. at 1–3. The Federal Public Defenders filed a notice that they would not be supplementing Cambridge's motion. Id. at 3. The United States responded to Cambridge's motion and Cambridge did not reply.

II.  Legal Standard

The district court that imposed sentence on a criminal defendant has authority to modify the term of imprisonment under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). That statute provides, in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that […]extraordinary and compelling reasons warrant such a reduction […] and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. §§ 3582(c)(1)(A), 3582(c)(1)(A)(i).

If the defendant has exhausted administrative remedies, the analysis is twofold. First, the Court must consider the same factors applicable at the original sentencing, enumerated in 18 U.S.C. § 3553(a), to the extent they remain applicable at the time the motion is brought. 18 U.S.C. § 3582(c)(1)(A). Second, the Court must find "extraordinary and compelling reasons" to release a defendant from Bureau of Prisons ("BOP") custody in a policy statement. Id.

III.  Analysis

The Court construes a *pro se* motion liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007)

("A document filed *pro se* is to be liberally construed . . ."). However, the Court "lacks the power to act as a party's lawyer, even for *pro se* litigants." Bias v. Moynihan, 508 F.3d 1212, 1219 (9th Cir. 2007). Cambridge's motion does not mention any attempt to satisfy the administrative remedy exhaustion requirement. Cambridge also does not ask the Court to waive this requirement. Even if he had, district courts in this circuit "have near unanimously concluded that failure to exhaust administrative remedies is fatal to a compassionate release petition even in light of the urgency created by COVID-19." United States v. Fuller, No. CR17-0324JLR, 2020 WL 1847751, at *2 (W.D. Wash. Apr. 13, 2020); see also United States v. Route, 458 F.Supp.3d 1285, 1288 (W.D. Wash. Apr. 29, 2020) (collecting cases). Because Defendant "has not satisfied the exhaustion requirement, the court lacks authority to grant relief under § 3582(c)(1)(A)(i)." United States v. Eberhart, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020).

        Additionally, Cambridge has failed to prove extraordinary and compelling reasons for his release. Cambridge lists his underlying medical conditions as asthma, depression, and anxiety. The Centers for Disease Control and Prevention ("CDC"), now with research and greater understanding of COVID-19, states that people "with moderate to severe asthma *may* be at a higher risk of getting very sick from COVID-19." CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html (las visited Jan. 20, 2021) (emphasis added). The CDC does not state that asthma places individuals at higher risk, only that it may be possible. A recent study found that "unlike influenza and other viruses the [COVID-19] burden in patients with asthma has been less evident." Jose Luis Izquierdo, et al., The Impact of COVID-19 on Patients with Asthma, EUROPEAN RESPIRATORY JOURNAL (Nov. 5, 2020), https://www.ncbi.nlm.nih.gov/pmc/articles/PMC7651839/. The study also found that patients "with asthma who also had a diagnosis of COVID-19 were older, predominantly women, and had higher prevalence of hypertension, dyslipidemia, diabetes, obesity, and smoking habits than asthmatic individuals without COVID-19." Id. "The higher prevalence of hypertension, dyslipidemia, diabetes, and obesity was further confirmed in those patients requiring hospital

admission, as compared with those who only required outpatient management." Id. The presence of other comorbidities appears to place individuals at a greater risk of danger from COVID-19 than asthma. Although the study shows "a higher frequency of COVID-19 in patients with asthma, the manifestation of the disease in this clinical population was not particularly severe." Id. Asthma does not appear to put Cambridge at any additional risk.

Additionally, Cambridge has not provided, and the Court is unaware of, evidence that depression and anxiety place Cambridge at increased risk of COVID-19. See COVID-19: WHO'S AT HIGHER RISK OF SERIOUS SYMPTOMS?, https://www.mayoclinic.org/diseases-conditions/coronavirus/in-depth/coronavirus-who-is-at-risk/art-20483301#:~:text=People%20with%20several%20chronic%20conditions,COVID%2D19%20symptoms (last visited Jan. 20, 2021) (discussing the underlying medical conditions that place individuals at higher risk of serious symptoms, and not mentioning anxiety or depression); see also PEOPLE WITH CERTAIN MEDICAL CONDITIONS, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 20, 2021) (same). Because Cambridge failed to exhaust administrative remedies prior to filing this motion and failed to prove extraordinary and compelling reasons for his release, his motion is denied.

IV.     Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Compassionate Release (#60) is **DENIED**.

Dated this 21st day of January, 2021.

_____
Kent J. Dawson
United States District Judge